(135 So. 642)

## HASKINS v. STATE.

### 8 Div. 262.

Court of Appeals of Alabama.

June 30, 1931.

Jas. C. Roberts, of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

The fourth count of the indictment upon which the conviction of this appellant rested charged him with the offense of buying, receiving, concealing, etc., certain stolen property, the personal property of Morris Gordon, knowing that it was stolen, and not having the intent to restore it to the owner.

That the goods in question were stolen from the store of Morris Gordon and belonged to him was without conflict. The facts were admitted by the defendant, and but one inquiry for the jury to determine was presented, Did this appellant commit the offense, and was this fact established by the evidence under the required measure of proof? The appellant strenuously denied all connection with the stolen goods, and testified he had nothing to do with the commission of the offense charged and no knowledge in any manner concerning same. He offered testimony of his good character also.

One Ellis Henderson, the principal state witness, testified that he bought the goods in question from this appellant who stated to him "he had found the things."

There was other evidence contradictory to that given by the accused and incriminating in its nature. The evidence being thus in conflict presented a jury question rendering inapt the affirmative charge requested. Under the evidence, the court was without authority to direct a verdict.

The motion for a new trial is not presented in a manner to authorize its consideration. Section 6088 of the Code 1923 provides for an appeal from decisions on motions for new trial in both civil and criminal cases, but in no case can the rulings of the court on motion for new trial be reviewed on appeal where the bill of exceptions does not show an exception was reserved to the court's rulings. The statute itself is clear on this point, and by innumerable decisions of the two appellate

courts of this state it has been expressly held necessary and mandatory. A trial court cannot be placed in error in the absence of an exception to the ruling complained of. The motion for a new trial in this case and the ruling of the court thereon, together with a purported exception to such ruling, is incorporated in the transcript and appears upon the record proper only. No mention is made in the bill of exception of a motion for new trial.

"The State admits that Clyde Alvis would testify that he was down there in the waste room and heard Andrew Mitchell say to Haskin that if he knew anything about those goods that he wanted it gotten away from there, and Haskin said he didn't know anything about it.

"The County Solicitor stated in the presence of the jury that they would admit that Clyde Alvis would say anything, and the defendant reserved an exception to this remark of the County Solicitor."

The above exception can avail the appellant nothing; it was abortive, for the reason the exception was taken to the remark of the county solicitor, and not to any ruling of the court. It does not appear any ruling of the court was invoked in this connection, and certainly a trial court will not be placed in error where no ruling of the court has been invoked or had.

The charges refused to appellant, where properly stating the law, were fairly and substantially covered in other instructions given to the jury by the court orally and in writing.

The several exceptions reserved to the court's rulings upon the admission of evidence are without merit. Each of them has been considered, but no injury to the substantial rights of the accused appears in this connection.

As stated, this case presented a question of fact only, and we are of the opinion the accused was accorded a fair and impartial trial by the court below.

The record is regular and without error. Affirmed.